997 So.2d 488 (2008)
Jared Anthony STRIKERTAYLOR, Appellant,
v.
STATE of Florida, Appellee.
No. 2D07-5709.
District Court of Appeal of Florida, Second District.
December 17, 2008.
James Marion Moorman, Public Defender, and Allyn M. Giambalvo, Assistant Public Defender, Bartow, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Marilyn Muir Beccue, Assistant Attorney General, Tampa, for Appellee.
WHATLEY, Judge.
Jared Anthony Strikertaylor appeals his convictions of carrying a concealed firearm and misdemeanor possession of marijuana. He argues that the trial court erred in denying his motion to dismiss the information filed against him because the facts do not support the charge of carrying a concealed firearm. We agree and reverse.
Strikertaylor was arrested and charged with carrying a concealed firearm in violation of section 790.01(2), Florida Statutes (2006), which makes it a third-degree felony to carry a concealed firearm on or about one's person. Section 790.25(5) provides that it is not a violation of section 790.01(2) to possess a concealed firearm without a license within the interior of a private conveyance "if the firearm or other weapon is securely encased or is otherwise not readily accessible for immediate use." "Readily accessible for immediate use" is defined by section 790.001(16) to mean "that a firearm or other weapon is carried on the person or within such close proximity and in such a manner that it can be retrieved and used as easily and quickly as if carried on the person." The definition *489 of "securely encased" relevant to this case is "in a glove compartment, whether or not locked." § 790.001(17).
In his motion to dismiss, Strikertaylor stated that he was stopped for a noise violation. A canine unit was called to the scene and when the dog alerted to narcotics being in the vehicle, the officer detained Strikertaylor in the back of the officer's vehicle. A search of Strikertaylor's vehicle revealed an unloaded handgun under the front passenger seat and ammunition in the glove box. The State did not file a traverse to Strikertaylor's motion to dismiss. See Fla. R.Crim. P. 3.190(d) (facts alleged in motion to dismiss to which State does not file a traverse are considered admitted).
In State v. Weyant, 990 So.2d 675 (Fla. 2d DCA 2008), this court affirmed the dismissal of a concealed firearm charge because the unloaded firearm was wedged between the front seats and the ammunition was in the closed center console. "In order to use the firearm, Weyant would have had to pull it out, open the center console, retrieve the magazine, and load the firearm before using it." Id. at 678. There being no significant difference between the facts of Weyant and those of the present case, we reverse based on Weyant.
Accordingly, we affirm Strikertaylor's conviction of misdemeanor possession of marijuana but we reverse his conviction of carrying a concealed firearm.
Affirmed in part; reversed in part.
STRINGER and KELLY, JJ., Concur.